Nicholson, C. J.,
delivered the opinion of the court.
P. V. Rogers as the executor of B. B. Spicer sued Adam Marker in ejectment in the Circuit Court of Humphreys County, to recover possession of a tract of land.
After showing that the land had been granted to B. B. Spicer by the State of Tennessee, he offered to read the will of Spicer, which had been duly proved and recorded, and in which Rogers was appointed as executor, letters testamentary having regularly been issued.
In the will is this clause:—
“I direct that my property, both real and personal, be sold by my executor, either at private or public sale, and at and in such time or times, and on such terms, as he may deem proper, and that all moneys remaining in his hands after paying my just debts, and after having paid all expenses incident to the execution of this will, shall be disposed of as follows, to-wit: I direct that my executor shall *647 deliver to Mrs. Mary A. R. Southern the sum of $300 annually, etc.
The defendant objected to the reading of the will on the ground that it did not vest in the executor, P. V. Rogers, the legal title to the property, and the court being of that opinion, the evidence was rejected.
The jury therefore found for the defendant, and the plaintiff appealed.
The only question is, whether the court erred in holding that the legal title was not vested in the executor by the clause in the will above quoted.
The executor is directed to sell the real estate of the testator, and he is vested with a large discretion as to the time and manner of selling. He is then directed how to appropriate the proceeds after paying the testator’s debts and the expenses of executing the will.
Wo personal interest in the land or. its proceeds is vested in the executor, but he is expressly made a trustee, first for the creditors, and next for the legatees.
Was it the intention of the testator to vest in his executor the legal title in the land, to enable him to execute the trust?
In the case of Peck v. Henderson, 7 Yer., 18, the testator used this language: “I empower my testator to sell my real estate,” and it was held that this was a naked power vested in the executors, not coupled with an interest, and therefore that the legal title was not vested in the executors so as to enable them to maintain ejectment.
In this case the authority of Coke was followed:—
*648 “If a man by bis last will desiretb that his executors shall sell his land, and dieth, the executors have neither right nor title, but only a bare authority. Co. Litt., sec. 446.
It is said in Williams on Executors, 579, that it has been a subject of some discussion in what cases executors take a fee simple in trust to sell land under a will, and in what cases they are invested merely with a power of disposition.
The distinction, he says, resulting from the authorities, appears to be this: — that a devise of the land to executors to sell, passes the interest in it; but a devise that executors shall sell the land, or that the land shall be sold by the executors, gives them but a power.
This distinction is recognized and approved in Sugden on Powers, 133, but disapproved by Mr. Har-grave in his note to Co. Litt., 114.
Powell on Devises agrees with Sugden; and such is the current of the authorities.
It follows that there was ■ no error in the holding of the Circuit Judge, and the judgment is affirmed.